UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAM I DIVISION

CASE NO.: 20-24619-CIV-ALTONAGA/TORRES

POET THEATRICALS MARINE, LLC;
POET PRODUCTIONS, LLC;
POET TECHNICAL SERVICES, LLC;
POET HOLDINGS, INC.,

    Plaintiffs,

v.

CELEBRITY CRUISES, INC.; ROYAL
CARIBBEAN CRUISES, LTD.; COSTCO
TRAVEL; CRUISES INC.; CRUISE ONE,
INC.; CRUISE ONE, INC. d/b/a DREAM
VACATIONS; TOURICO HOLIDAYS,
INC. d/b/a LASTMINUTECRUISES.COM;
WORLD TRAVEL HOLDINGS d/b/a
CRUISES.COM; WORLD TRAVEL
HOLDINGS d/b/a CRUISES ONLY;
WORLD TRAVEL HOLDINGS d/b/a
CHEAPCRUISES.COM; DIRECT LINE
CRUISES, INC.,

    Defendants.

## MOTION TO REMAND

COME NOW Plaintiffs, Poet Theatricals LLC; Poet Productions, LLC; Poet Technical Services, LLC; and, Poet Holdings, Inc. (collectively "Poet"), and files this motion to remand. In support thereof, Poet would state:

### Introduction

The issue in this case is whether Poet's state law claims of unjust enrichment and

conversion, which on their face pose no federal question, are preempted under the Copyright Act. Poet's state law claims are not preempted because Defendants cannot satisfy the two requirements for the Copyright Act's preemption defense. First, Poet raises claims that are not equivalent to the rights granted by Section 106 of the Copyright Act. More specifically, there are "additional elements" to Poet's unjust enrichment and conversion causes of action making preemption inappropriate. Second, Poet seeks to enforce rights in intellectual property that are outside the "subject matter of copyright" as set forth in Section 102 of the Copyright Act. As such, unlike the majority of copyright preemption cases, Poet did not plead a cause of action for copyright infringement with accompanying pendent state law causes of action. Indeed, such a copyright claim would have likely been dismissed because many of the subjects of the Unjust Enrichment and Conversion claims are not "copyrightable", in effect eliminating any remedy for the alleged wrongs. For each and all of the above reasons, this Court should remand this state law case back to state court.

## Procedural History

This case arises out of a long contractual relationship between Poet and Celebrity Cruises, Inc. ("Celebrity"). The instant complaint was filed on September 29, 2020. Poet alleges that, after the expiration and extension of five multi-year license agreements for Poet to develop and produce live shows for Celebrity's five Solstice-class vessels, Celebrity, Royal Caribbean Cruise, Ltd. ("Royal"), and the other defendants ("the media partner" defendants) unjustly enriched themselves by failing to pay the license fee contained in the Celebrity-Poet license agreements for promotional use of photographs and recordings of Poet's shows. (See Complaint, D.E. 1-2 at ¶¶ 18-23 (describing business relationship and relevant portions of the licenses)). Since the contracts had

ended, and the injury was continuing, Poet brought causes of action for unjust enrichment and conversion.

The licenses define the subject matter of the license, as "project materials" that belonged to Poet. (D.E. 1-2, at 9 (defining "project materials" and vesting ownership in Poet)). All project materials were to be "delivered to [Poet] upon termination" of the licenses.[1] (Id.). The contract also obligated Celebrity to "obtain a license" for all uses not already authorized. (Id. at 8-9).

In Count I (Conversion), Poet alleges that Celebrity failed to return the images and recordings ("the project materials") by continuing to use them after the production agreements expired without purchasing a new license. (Id. at 11). In the remaining Unjust Enrichment counts, Poet alleges it conferred a benefit to the Defendants, the Defendants knowingly accepted the benefit and that it would be unjust for Defendants to retain the benefit of the project materials. Poet seeks damages in the amount of a fair licensing fee.

## MEMORANDUM OF LAW

Celebrity entered into a contract with Poet that established Poet's rights in all project materials, including the hard costumes and actual sets used in performances, intellectual property, as well as several uncopyrightable ideas and likenesses embodied in the images and recordings. For those reasons, the license contracts made copyright registration unnecessary and inefficient. Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C., 596 F.3d 1313, 1327 (11th Cir. 2010) ("Parties may enter a license agreement to avoid the cost of having to litigate the validity of a copyright, and this bargain between the parties should be honored").[2]

---

[1] Poet won a prior suit against Celebrity in a private bench trial for Celebrity's failure to timely return Poet's property and for liquidated damages.

[2] Without registration, as to any of the "project materials" that are copyrightable, any infringement claim would have to be dismissed and refiled after the Copyright Office completes the registration process. The Supreme Court observed (before COVID-19) that "the average

3

Defendants' removal seeks to build a "copyright strawman," by removal of the case to Federal Court under putative federal question jurisdiction, only to then tear down the strawman they had built knowing the project material were subject to contractual licenses and not registered. Specifically, Defendants argue that Section 301 of the Copyright Act preempts all of Poet's state law causes of action, leaving only copyright infringement. This, despite the total absence of any alleged copyright registration over the "project materials" much less any alleged cause of action for copyright infringements on the face of Poet's complaint. Thus, Defendants claim not only preemption, but also complete preemption that would let them remove Poet's claims to this Court.

Defendants are wrong on both counts. First, Defendants are not entitled to "defensive preemption" because Defendants cannot meet both prongs of the Section 301 test for preemption. Further, this Court would lack jurisdiction even if Defendants could meet Section 301's prongs, because Section 301 does not authorize removal of preempted claims. Either way, the Court should remand this case back to state court.

### I. Defendants Fail the First Prong Of The Section 301 Preemption Test Because Poet's Claims All Contain "Additional Elements" Not Required For Copyright Violation.

A state law "claim is only preempted if it is within that narrow category of exclusive rights guaranteed to the copyright holder." Badhwa v. Veritec, Inc., 367 F. Supp. 3d 890, 905 (D. Minn. 2018). The first prong of Section 301 preemption requires Defendants to show that Poet's state law claims vindicate "rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression." 17 U.S.C. § 301. "The rights provided to a copyright owner by section

---

processing time for registration applications is currently seven months." Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 892 (2019).  Again, this does not even address the project material that are not copyrightable.

106 have been described as 'the exclusive rights to do and to authorize (1) the reproduction of copyrighted work (to make copies), (2) the preparation of derivative works based on his copyrighted work, and (3) the distribution of copies of the copyrighted work to the public by sale or other transfer of ownership." Magical Mile, Inc. v. Benowitz, 510 F. Supp. 2d 1085, 1088 (S.D. Fla. 2007) (citation omitted).

Significantly, it is only if "the act of reproduction, performance, distribution, or display … will *in itself* infringe the state created right, then such right is preempted." Donald Frederick Evans & Associates, Inc. v. Cont'l Homes, Inc., 785 F.2d 897, 914 (11th Cir. 1986). (Emphasis in original). In other words, the "reproduction" "performance" "distribution" or "display" must be actionable under the pled state law causes of action to justify preemption. On the other hand, state law claims are not preempted if they contain an "extra element" that "changes the nature of the action. …" Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1549 (11th Cir. 1996) (no Copyright Act preemption where "state law trade secret claim is predicated upon the existence of an implied confidential relationship" not required to prove copyright infringement).

Applying this analysis to the case at bar, to state a cause of action for copyright infringement, a plaintiff must allege that it owns a valid copyright and that the defendant copied original constituent elements thereof. Baby Buddies, Inc. v. Toys R Us, Inc., 611 F.3d 1308, 1315 (11th Cir. 2010). When compared to the legal elements and factual allegations of Poet's Complaint, however, each and every claim Poet asserts here contains a substantive element not required to plead or prove copyright infringement. Put differently, proving just copyright infringement would not be sufficient to prove either conversion or unjust enrichment under Florida law.

Legally, to succeed in a cause of action for conversion, a plaintiff under Florida law, must plead and prove "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3)

5

inconsistent with his ownership therein." Joe Hand Promotions, Inc. v. Creative Entm't, LLC, 978 F. Supp. 2d 1236, 1241 (M.D. Fla. 2013). One way to establish conversion is to allege the failure to return property on demand. Misabec Mercantile, Inc. De Panama v. Donaldson, Lufkin & Jenrette ACLI Futures, Inc., 853 F.2d 834, 838 (11th Cir. 1988).

Factually, in the present case, Poet alleges that "Celebrity was obligated to return all of Poet's property" when the licenses expired but failed to do so. (D.E. 1-2, at 11). Poet further alleged, "In addition, Poet expressly requested of Celebrity that it cease all use of the intellectual property and thereby 'return' it to Poet." (Id.). Neither the element of wrongfully asserted dominion nor the defendant's failure to return property on demand are elements of a copyright infringement claim. As this Court has squarely held, allegations that a defendant failed to return property on demand are additional elements to a copyright infringement claim. AutoNation, Inc. v. GAINSystems, Inc., 08-61632-CIV, 2009 WL 1941279, at *8 (S.D. Fla. July 7, 2009) (finding no preemption for equivalent claim for conversion under Illinois law where Plaintiff alleged failure to return software). Clearly, Poet's conversion cause of action contains additional elements not required of a Copyright infringement claim and cannot be preempted.

The same analysis is true for Poet's unjust enrichment claims. "A successful claim for unjust enrichment requires proof that (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." 14th & Heinberg, LLC v. Terhaar & Cronley Gen. Contractors, Inc., 43 So. 3d 877, 881 (Fla. 1st DCA 2010). "The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust." Id. (citations omitted).

6

Again, applying the additional element test, a copyright infringement does not require a plaintiff to plead or prove conferral of a benefit on the defendant, the defendant's knowledge of that benefit, or acceptance/retention of the benefit. In fact, this Court has expressly addressed this precise issue as applied to the preemption question and has held the

> … requirement that a plaintiff <u>convey</u> a benefit to the defendant, and the requirement that the defendant <u>accept</u> that benefit, in an unjust enrichment claim, are extra elements beyond what a plaintiff needs to prove in a copyright infringement claim," which "render the unjust enrichment claim qualitatively different from a copyright infringement claim."

<u>Jaggon v. Rebel Rock Entm't, Inc.</u>, 09-61144-CIV, 2010 WL 3468101, at *3 (S.D. Fla. Sept. 1, 2010) (emphasis in original).

This Court is not alone on the issue. <u>Montage Group, Found. for Lost Boys v. Alcon Entm't, LLC</u>, 1:15-CV-00509-LMM, 2016 WL 4394486, at *10 (N.D. Ga. Mar. 22, 2016) (finding extra element "beyond the 'reproduction, performance, distribution, or display' of Plaintiffs' copyrightable works" because "Plaintiffs must demonstrate that Defendants' receipt of benefits or services from Plaintiff was unjust"); <u>Hustlers Inc. v. Thomasson</u>, 253 F. Supp. 2d 1285, 1293–94 (N.D. Ga. 2002) (finding no preemption because "mere violation of the exclusive rights of section 106 does not constitute unjust enrichment alone"). Thus, each of Poet's claims intrinsically have an "additional element" that defeats preemption.

Comparing elements from cases and statutes is not the end of the analysis. Indeed, the qualitative facts pled in support of a claim can also show an "additional element" that defeats preemption. <u>Donald Frederick Evans & Associates, Inc. v. Cont'l Homes, Inc.</u>, 785 F.2d 897, 915 (11th Cir. 1986) (looking to "rights Plaintiffs seek to enforce in the case at bar" rather than "hypothetical rights" also protected under FDUTPA); <u>see also</u> <u>Sturdza v. United Arab Emirates</u>, 281 F.3d 1287, 1304 (D.C. Cir. 2002) ("courts generally examine both the elements of the state

7

law cause of action and the way the plaintiff has actually pled that cause of action"); Graham Ins. Group, Inc. v. Statronics, Inc., 10-61904-CIV, 2011 WL 13217020, at *6 (S.D. Fla. Jan. 24, 2011) (Altonaga, J.).

It is well established that a cause of action for unjust enrichment is a "quasi-contract", a "contract implied at law" or an "implied contract". Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc., 695 So. 2d 383, 386 (Fla. 4th DCA 1997), as modified on clarification (June 4, 1997) (internal citations omitted). In the present case, Poet's substantive allegations go well beyond copyright infringement. The production agreements with Celebrity make this case the functional equivalent of a breach of contract suit, a cause of action simply not available to Poet because the contracts have expired.

As this Court has explained, in the Eleventh Circuit "'a breach of contract claim meets the extra element test by virtue of the need to show the existence of a valid contract between the parties.'" Chen v. Cayman Arts, Inc., 10-80236-CIV, 2011 WL 3903158, at *6 (S.D. Fla. Sept. 6, 2011) (quoting Utopia, 596 F.3d at 1326). In the present case, every single claim arises against the backdrop of the production and license agreements Poet signed with Celebrity!  Consider for example Count II (unjust enrichment against Celebrity) alleges:

> Following the expiration of the agreements under which Celebrity was granted a limited license to use Poet's intellectual property on Celebrity's vessels, Celebrity wrongfully continued to use it in its websites worldwide without a license permitting its use and continues to use it to date in certain promotional materials.

(D.E. 1-2, at para 32). (Emphasis supplied). Similarly, Poet's unjust enrichment counts against Royal and the media defendants all allege:

> Celebrity caused or allowed [the other Defendants] to acquire video recordings and/or still photographs of scenes from Poet's shows which Celebrity alone had a limited license to use only during the term of the agreements under which the shows had been created, which agreements have all expired.

8

(D.E. 1-2, pgs. 12-23) (Emphasis supplied). In the same way a breach of contract cause of action so clearly presents an "additional element", so too does this quasi contract cause of action, so closely tied to and based upon an actual contract.

With respect to Poet's unjust enrichment claims, a case involving the movie "Madagascar" illustrates this point well. Davis v. DreamWorks Animation SKG, Inc., 08-80506-CIV, 2009 WL 10700120, at *4 (S.D. Fla. May 14, 2009); vacated in part as to other grounds, 2009 WL 10700121, at *2 (S.D. Fla. Sept. 3, 2009). In Davis, the plaintiff argued that DreamWorks used original animations and stories that Dreamworks invited him to submit "for the purpose of entering into a co-venture and/or commercial business relationship with him." Id. at *1. The Court found that plaintiff's allegations "amount to a mutual understanding between the parties that compensation was to be paid as part of the business relationship." Id. at 4. Like plaintiff's present unjust enrichment cause of action, "[p]laintiff's claim is based upon the alleged bargain, not the alleged unauthorized reproduction, preparation, distribution, or display of his work," rendering it "qualitatively different from the copyright infringement claim" the plaintiff also alleged. Id. at 3,4.

Here, Poet similarly alleges that a mutual understanding, actually reduced to writing, required that use of project materials would require a license. (D.E. 1-2, at ¶¶ 22-24 (describing license agreements)). This is not based on merely the circumstances by which the materials were acquired, but an actual contract! Poet's use of unjust enrichment "is simply acknowledging that actions outside the scope of a[n expired] contract cannot be said to breach that contract." Utopia, 596 F.3d at 1327. Like Davis, the factor of mutual assent (expressed through expired license agreements) is present here, an additional element that defeats preemption.

Conversion also arises from the additional element of the licenses, which define wrongful keeping, requires return of all materials, and require a license for all uses not otherwise permitted.

See Lee v. Mt. Ivy Press, L.P., 827 N.E.2d 727, 739 (Mass. App. Ct. 2005) (finding claim for conversion of royalties owed under contract not preempted). Thus, Poet's conversion claim is also bound up in rights under the expired licenses. And, like the unjust enrichment claims, a conversion claim would not be available if the licenses had not expired. Advanced Surgical Technologies, Inc. v. Automated Instruments, Inc., 777 F.2d 1504, 1507 (11th Cir.1985) (applying Florida law).

The next element not present in a copyright infringement case is the element of reasonable expectation of payment, as proven through the expired license contracts. Poet's unjust enrichment claims will be proven at least in part by showing a reasonable expectation of payment for any use of its intellectual property. 14th & Heinberg, LLC v. Terhaar & Cronley Gen. Contractors, Inc., 43 So. 3d 877, 881 (Fla. 1st DCA 2010) (explaining that "the expectation of compensation may be an element of proof in a claim for unjust enrichment") (citation omitted); see Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 806 & n.4 (11th Cir. 1999) ("Notwithstanding that claims for quantum meruit and unjust enrichment arise under distinct causes of action, they may at times share elements of proof such as an expectation of compensation."). How will Poet prove this part of its case? Through the expired contracts, which create a reasonable expectation that its project materials will be not be used unless a licensing fee is paid. Like the above … none of these elements are required to establish copyright infringement.

Finally, the element of damages in this case are based on the licensing fee. Poet "seeks damages in the amount of the royalties, license fees, and other fees and charges owing" under the licenses. (D.E. 1-2, wherefore clauses at pages 8-23). The right to be paid a fee pursuant to a license is not a protected right under Section 106. Levine v. Landy, 832 F. Supp. 2d 176, 188 (N.D.N.Y. 2011) (claim not preempted where Plaintiff pursued "right to payment for [photographs'] use" rather than rights enumerated in 17 U.S.C. § 106). This element further separates Poets' claims

10

from those based solely on agreements targeting "copying, reproducing, or remarketing" of intellectual property. Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1311–12 (11th Cir. 2001).

Moreover, with respect to Poet's conversion claim, Poet makes the functional equivalent of a demand for royalties due under the licenses. This takes the dispute out of the scope of copyright preemption for conversion. Asunto v. Shoup, 132 F. Supp. 2d 445, 452–53 (E.D. La. 2000) (no preemption where "plaintiff 'alleges a conversion of royalties and not the works themselves;'" conversion was of a tangible item and "made in derogation of plaintiff's putative contract rights") (citing Dead Kennedys v. Biafra, 37 F. Supp. 2d 1151, 1154 (N.D. Cal. 1999)).

In sum, on this point, Poet's state law claims all present an "additional element" not required to prove copyright infringement. The Court should remand this case back to state court because the state law rights Poet seeks to enforce require proof of more than just copyright infringement.

## II. This Case Is Outside The Subject Of Copyright As Defined In Section 102 Because Poet Alleges Violation Of Its Property Rights In Ideas, Likenesses, And Other Intellectual Property Rights Outside The Scope Of Copyright Protection.

Preemption is also improper because the licenses grant Poet rights to intellectual property that the Copyright Act never could. Section 102 provides copyright protection only for works of authorship "fixed in any tangible medium of expression." 17 U.S.C. § 102(a). "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). Thus, ideas and likenesses are not within the subject matter of copyright. E.g., Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1294-98 (11th Cir. 2004) (ideas); Taylor v. Trapeze Mgmt., LLC, 0:17-CV-62262-KMM, 2018 WL 9708619, at *5 (S.D. Fla. Mar. 26, 2018) (likenesses).

11

Nevertheless, parties "may by contract agree to pay for ideas, even though such ideas could not be protected by copyright law. Rights under such an agreement are qualitatively different from copyright claims, and their recognition creates no monopoly in the ideas involved." Garrido v. Burger King Corp., 558 So. 2d 79, 83 (Fla. 3d DCA 1990) (quoting Smith v. Weinstein, 578 F. Supp. 1297, 1307 (S.D.N.Y. 1984)).

Here, the licenses define protected "Project Materials" to "concepts" and "ideas" themselves, as well as "drafts, copies and other physical embodiments" of the works of authorship, "together with all images, likenesses, voices, and other characterizations contained therein." (D.E. 1-2, at ¶ 23). Whether project materials are copyrightable or not, Celebrity was to "obtain a license" for any use outside the terms of the existing licenses. (Id.). That was and remains the basis for Poet's claim.

Poet's interests in the images and recordings at issue here exceed a "copyright owner's bundle of rights," extending to ideas, likenesses, and beyond. Peter Letterese and Associates, Inc. v. World Inst. Of Scientology Enterprises, 533 F.3d 1287, 1318 (11th Cir. 2008). There can be no preemption, and accordingly no federal jurisdiction, because Poet seeks to vindicate rights in property interests beyond the subject matter of property rights as defined by Section 102 of the Copyright Act.

### III. The Court Must Remand For Lack Of Subject Matter Jurisdiction Because Section 301 Is Not A Total Preemption Statute, And No Federal Question Is Apparent On The Face Of Poet's Well-Pleaded Complaint.

Defendants must face a second, unsettled question of law: whether the Copyright Act also grants federal courts removal jurisdiction over preempted claims. Because the Copyright Act lacks "the extraordinary preemptive power that is prerequisite for complete preemption," it "cannot serve as a basis for removal." Badhwa v. Veritec, Inc., 367 F. Supp. 3d 890, 905 (D. Minn. 2018)

"Complete preemption is 'a rare doctrine.'" Ammedie v. Sallie Mae, Inc., 485 Fed. Appx. 399, 401 (11th Cir. 2012) (citations omitted). The "Supreme Court has applied it to only three federal statutes: § 301 of the Labor-Management Relations Act, the Employee Retirement Income Security Act of 1974, … and §§ 85 and 86 of the National Bank Act ["NBA"]." Id. (citations omitted)). Neither the Supreme Court nor the Eleventh Circuit has decided "whether the Copyright Act has such complete preemptive effect" to create removal jurisdiction. Stuart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 864 (11th Cir. 2008). However, the Eleventh Circuit "displays 'no enthusiasm' to extend the doctrine into" new areas of law. Gonzalez v. United States Ctr. for SafeSport, 374 F. Supp. 3d 1284, 1291 (S.D. Fla. 2019) (quoting BLAB T.V. of Mobile, Inc. v. Comcast Cable Comm'ns, Inc., 182 F.3d 851, 856 (11th Cir. 1999)). It has also cautioned more generally that all "removal statutes should be construed narrowly, with doubts resolved against removal." Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003).

A district court in Minnesota has examined this issue closely in a well-reasoned order remanding claims on the ground that Section 301 is not a complete preemption statute. In Badhwa, the court was faced with a removed complaint that alleged, *inter alia*, unjust enrichment. 367 F. Supp. 2d at 895-96. The Badhwa court noted that four federal circuits had found that the Copyright Act preempted some state-law claims, but found "the reasoning of these decisions unpersuasive." Id. at 901. Unable to discern in the Copyright Act "the extraordinary preemptive power that is prerequisite for complete preemption," the Court held that state law claims "simply cannot serve as a basis for removal" under Section 301. Id. at 905.

As the Badhwa court powerfully sets forth, the courts holding that Section 301 is a complete preemption statute have erred. Copyright Act preemption does not create federal

13

jurisdiction where there is no federal question on the face of a well-pleaded complaint. The Court must remand, and need not even undertake the two-prong Section 301 analysis.

## Conclusion

For the reasons expressed above, Poet asks the Court to remand this state-law complaint back to state court because there is no Copyright Act preemption, much less complete preemption that would grant jurisdiction in the absence of a federal question present on the face of Poet's complaint.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this 10th day of December, 2020, by electronic mail to the following: David M. Levine, Esq., dlevine@sfl-law.com, Sanchez, Fischer Levine, LLP, Counsel for Celebrity Cruises, Inc. and Royal Caribbean Cruises, Ltd., 1200 Brickell Avenue, Suite 750, Miami, FL 33131, John C. Carey, Esq., jcarey@careyrodriguez.com; Juan J. Rodriguez, Esq., jrodriguez@careyrodriguez.com, Carey, Rodriguez Milian, LLP, Counsel for Celebrity Cruises, Inc. and Royal Caribbean Cruises, Ltd., 1395 Brickell Avenue, Suite 700, Miami, FL 33131, Allan A. Joseph, Esq., ajoseph@fidjaw.com, Fuerst, Ittleman, David & Joseph, Counsel for Costco Travel, Cruises, Inc., Cruise One, Inc., Cruise One, Inc. d/b/a Dream Vacations, Tourico Holidays, Inc., d/b/a LastMinuteCruises.com, World Travel Holdings d/b/a Cruises.com, World Travel Holdings d/b/a

Cruises Only, World Travel Holdings d/b/a CheapCruises.com and Direct Line Cruises, Inc., SunTrust International Center, One Southeast Third Avenue, Suite 1800, Miami, FL 33131.

                              KRAMER, GREEN, ZUCKERMAN,
                              GREENE & BUCHSBAUM, P.A.
                              Co-Counsel for Plaintiffs
                              4000 Hollywood Boulevard, Suite 485-South
                              Hollywood, FL 33021
                              Tel: (954) 966-2112; Fax: (954) 981-1605


                              By: __/s/ Craig M. Greene, Esq._____
                                    Craig M. Greene, Esq.
                                    Florida Bar No. 618421
and

Mark J. Mintz, Esq.
Cheryl L. Riess, Esq.
Co-Counsel for Plaintiffs
Mintz Truppman, P.A.
1700 Sans Souci Boulevard
North Miami, FL 33181
mintz@mintztruppman.com
cheryl@mintztruppman.com