**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-24619-CIV-ALTONAGA/Torres**

**POET THEATRICALS MARINE,**
**LLC**; *et al.*,

       Plaintiffs,

v.

**CELEBRITY CRUISES, INC.**; *et al*.,

       Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** came before the Court on Defendant, Celebrity Cruises, Inc.'s Unopposed Motion to Stay Remand Order Pending Appeal [ECF No. 48], filed on February 9, 2021. Defendant requests a stay of the Court's January 28, 2021 Order [ECF No. 42] pending Defendant's appeal of that Order to the United States Court of Appeals for the Eleventh Circuit. (*See generally* Mot.).  On January 28, 2021, the Clerk of Court mailed a certified copy of the Order to the state court.  (*See* [ECF Nos. 44, 47]); *see also Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*, No. 20-20903-ca, Order of Remand (Fla. Cir. Ct. received Feb. 4, 2021).

By its present Motion, Defendant "seeks a stay of the remand order pending appeal pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), which requires that an application for a stay first be made to the district court."  (Mot. 3).  Defendant insists that "[s]ince the remand order is appealable, it follows that the Court retains jurisdiction to stay it pending appeal, notwithstanding the fact that the clerk has transmitted the remand order to state court."  (*Id.* 2 (alteration added)).  Defendant advises Plaintiffs do not oppose the Motion.  (*See id.*).

Defendant's Motion simply comes too late: the Clerk of Court mailed a certified copy of the Order to the state court on January 28, 2021; the state court received and docketed the Order

on February 4, 2021; and no stay was sought until February 9, 2021.  The Court is unconvinced it "retains jurisdiction to stay" the execution of the remand Order simply because the Order "is appealable[.]"  (*Id.* 2 (alteration added)); *see also Skiles v. CarePlus Health Plans, Inc.*, No. 14-Civ-80892, 2014 WL 5320135, at *3 (S.D. Fla. Oct. 16, 2014) (abstaining from entering orders that conflict with the state court's proper exercise of jurisdiction because 28 U.S.C. section 1447(c) "unequivocally indicates that once a remand is ordered and the letter is received by the state court, the state court may proceed with the case." (collecting cases)); 14C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3739 (Rev. 4th ed. 2020) ("[A] remand is effective when the district court mails a certified copy of the remand order to the state court or, if the remand is based on a lack of subject-matter jurisdiction or a defect in the removal process, when the remand order is entered.  The effectiveness of a remand order under the[se] principles . . . does not, however, prevent a federal appellate court from reviewing a remand order that is appealable." (alterations added; footnote call numbers omitted)).

In short, Defendant's Motion is denied.  If Defendant continues to suffer irreparable harm (*see* Mot. 6) by its "expenditure of resources on the state-court proceeding" (*id.* 7 (alterations added)) and by engaging in "wasteful litigation" (*id.*), it should simply move the state court to stay the litigation, especially given Plaintiffs' position they do not oppose the requested relief.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant, Celebrity Cruises, Inc.'s Unopposed Motion to Stay Remand Order Pending Appeal **[ECF No. 48]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 10th day of February, 2021.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record